COPY

1   SEYFARTH SHAW LLP
    Nick C. Geannacopulos (State Bar No. 114822)
2   ngeannacopulos@seyfarth.com
    Amy K. Skryja (State Bar No. 214826)
3   askryja@seyfarth.com
    560 Mission Street, Suite 3100
4   San Francisco, California 94105
    Telephone: (415) 397-2823
5   Facsimile: (415) 397-8549

6   Attorneys for Defendant
    AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.
7   dba AU PAIR IN AMERICA

8                                          E-filing

9

10                  IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA      JCS

12

13   PENNA PIPER, an individual,          C   10      0107
                                          )   Case No.
14              Plaintiff,                )
                                          )   **NOTICE OF REMOVAL OF ACTION**
15         v.                             )   **UNDER 28 U.S.C. SECTION 1441(b)**
                                          )
16   AMERICAN INSTITUTE FOR FOREIGN       )   **(DIVERSITY JURISDICTION)**
     STUDY, INC. dba AU PAIR IN AMERICA,  )
17   and DOES 1-20, inclusive,            )   Marin County Superior Court, Case No.
                                          )   CIV 095805)
18              Defendant.                )
                                          )   Complaint Filed: November 16, 2009
19   ------------------------------------ )

20

21

22   TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
     CALIFORNIA AND TO PLAINTIFF PENNA PIPER AND HER ATTORNEYS
23   OF RECORD:

24

25         PLEASE TAKE NOTICE that Defendant AMERICAN INSTITUTE FOR FOREIGN

26   STUDY, INC. dba AU PAIR IN AMERICA ("Defendant") removes this action, pursuant to 28

27   U.S.C. §§ 1332, 1441, and 1446, based on the following facts and applicable law:

28

                                          1

## TIMELINESS OF REMOVAL

1.    On November 16, 2009, Plaintiff PENNA PIPER ("Plaintiff") filed a Complaint in the Superior Court of California, County of Marin against Defendant entitled, *"Penna Piper v. American Institute for Foreign Study, Inc. dba Au Pair in America, and Does 1-20, inclusive"* Case No. CIV 095805.  On December 10, 2009, Plaintiff served the Summons and Complaint. The Complaint alleges eleven causes of action: (1) wrongful termination based on disability in violation of Government Code §12900, *et seq.*; (2) disability discrimination in violation of Government Code §12900, *et seq.*; (3) failure to accommodate a disability in violation of Government Code §12900, *et seq.*; (4) intentional infliction of emotional distress in violation of public policy; (5) negligent infliction of emotional distress in violation of public policy;  (6) violation of Business and Professions Code § 17200 *et seq.*; (7) violation of Business and Professions Code § 17200 *et seq.* for unfair business practices – unlawful compensation below minimum wage requirement; (8) violation of Business and Professions Code § 17200 *et seq.* for unfair business practices – unlawful compensation, front pay violation; (9) violation of Business and Professions Code § 17200 *et seq.* for unfair business practices – failure to pay wages when due; (10) violation of Business and Professions Code § 17200 *et seq.* for unfair business practices – failure to pay overtime, and (11) violation of Labor Code § 203 - waiting time penalties.  True and correct copies of these pleadings are attached hereto as **Exhibit A**.  These documents constitute all process, pleadings, notices, and orders served upon Defendant in this action.  28 U.S.C. § 1446(a).  On January 7, 2010, Defendant answered the Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B.**

2.    This Notice of Removal is filed within thirty (30) days of the date when Defendant was first able to ascertain that this case was removable on diversity grounds.  It is also filed within thirty (30) days of service of the Complaint upon Defendant.  Defendant was served by personal service, and received a copy of the Complaint on December 10, 2009.  Thus, removal as to Defendant is timely pursuant to 28 U.S.C. Section 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)

### DIVERSITY JURISDICTION

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332 because this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### PLAINTIFF'S CITIZENSHIP

4.    Defendant is informed and believes and thereon alleges that Plaintiff is now, and was at the time of the commencement of this action, a citizen and resident of the State of California. *See* Ex. A, ¶ 6 (Plaintiff worked out of her home in Marin County, California for Defendant). For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994); *see also Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986) (holding that a party's domicile for purposes of diversity jurisdiction is determined at the time the lawsuit is filed).

### DEFENDANT'S CITIZENSHIP

5.    Defendant is now, and was at the time of the commencement of this action, a corporation duly organized under the laws of the State of Delaware with its principal place of business located in the State of Connecticut. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

6.    Defendant is informed and believes that Does 1 through 20 have not been served with the Summons and Complaint and have not appeared in the action, nor are they appropriate defendants in an action in federal court. The citizenship of the fictitious defendants, Does 1 through 20, "shall be disregarded" pursuant to 28 U.S.C. Section 1441(a). *See also Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

### AMOUNT IN CONTROVERSY

7.    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. section 1332(a).

8.      The Court may look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). A removing defendant need only show by a preponderance of evidence that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

9.      The Court must take into account requests for punitive damages in ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account in ascertaining the amount in controversy). Furthermore, if attorneys' fees are recoverable by statute or contract, then the fees claim is included in determining the amount in controversy as well. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

10.     Plaintiff seeks general damages; special damages; exemplary and punitive damages; restitution including wages earned and unpaid; waiting time penalties; and attorneys' fees. *See* Ex. A. Thus, based on the allegations in Plaintiff's Complaint, Plaintiff seeks damages within the jurisdictional authority of this Court.

## VENUE/INTRADISTRICT ASSIGNMENT

11.     Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the state court action was filed in this District, and this is the judicial district in which the action arose.

## NOTICE OF REMOVAL

12.     Defendant, upon filing this Notice of Removal, is also filing a copy of this Notice of Removal with the Clerk of the Superior Court of the County of Marin to effect this removal in accordance with 28 U.S.C. § 1446(d).

//

//

//

//

//

1  THEREFORE, Defendant gives notice that the above action, which was pending in the Superior

2  Court of California, County of Marin, is hereby removed to the United States District Court for

3  the Northern District of California.

4

5  DATED: January 8, 2010                    SEYFARTH SHAW LLP

6

7  By _____
                Amy K. Skryja
8  Attorneys for Defendant
   AMERICAN INSTITUTE FOR FOREIGN
9  STUDY, INC. dba AU PAIR IN AMERICA

10 SF1 28380905.1 / 68726-000002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)

EXHIBIT A



CORPORATION SERVICE COMPANY

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 7221686
Date Processed: 12/10/2009

| | |
|---|---|
| Primary Contact: | James Mahoney<br>AIFS, Inc<br>River Plaza<br>9 West Broad Street<br>Stamford, CT 06902-3788 |

| | |
|---|---|
| Entity: | American Institute For Foreign Study, Inc.<br>Entity ID Number 0052908 |
| Entity Served: | American Institute for Foreign Study, Inc. dba Au Pair In America |
| Title of Action: | Penna Piper vs. American Institute for Foreign Study, Inc. dba Au Pair In America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court: | Marin County Superior Court, California |
| Case Number: | CIV 095805 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 12/10/2009 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Steven Kesten<br>415-457-2668 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN
AMERICA, and DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PENNA PIPER, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

NOV 1 6 2009

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: K. Main, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court, 3501 Civic Center Dr., San Rafael, CA 94903

CASE NUMBER:
*(Número del Caso):*
CIV 095805

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Kesten, Esq., POB 426, San Anselmo, CA 94979 415- 457-2668

DATE: NOV 1 6 2009          Clerk, by K. MAIN          , Deputy
*(Fecha)*          KIM TURNER     *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* American Institute for Foreign Study, Inc.
   dba Au Pair In America

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12-10-09

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com



**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

NOV 1 6 2009

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: K. Main, Deputy*

PLAINTIFF: *Penna Piper*

vs.

DEFENDANT: *American Institute for Conica Studa etc.*

CASE NO. *CIV095805*

**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge *Sutro* Department *H*. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service _2 / 2 / 10_ ~~9:00~~ 8:30 A.M.

   Hearing on Failure to Answer _3 / 5 / 10_ ~~9:00~~ 8:30 A.M.

   b. Appear for a Case Management Conference on _4 / 16 / 10_ ~~9:00~~ 8:30 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by** _4 / 2 / 10_

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

STEVEN KESTEN, ESQ  (SBN 152376)
POB 426
San Anselmo, CA  94979
(415) 457-2668
(415) 457-2848

Attorney for Plaintiff Penna Piper

FILED

NOV 1 6 2009

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: K. Main, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MARIN

UNLIMITED JURISDICTION

PENNA PIPER, an individual,

     Plaintiff,

     vs.

AMERICAN INSTITUTE FOR FOREIGN
STUDY, INC. dba AU PAIR IN AMERICA,
and DOES 1-20, inclusive,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CIV 095805

UNLIMITED JURISDICTION

COMPLAINT FOR DAMAGES:

(1) WRONGFUL TERMINATION
    BASED ON DISABILITY;
(2) DISABILITY DISCRIMINATION;
(3) NEGLIGENT INFLICTION OF
    EMOTIONAL DISTRESS IN
    VIOLATION OF PUBLIC POLICY;
(4) INTENTIONAL INFLICTION OF
    EMOTIONAL DISTRESS IN
    VIOLATION OF PUBLIC POLICY;
(5) FAILURE TO REASONABLY
    ACCOMMODATE A DISABILITY;
(6) VIOLATION OF BUSINESS AND
    PROFESSIONS CODE § 17200
    *ET SEQ.*;
(7) UNFAIR BUSINESS PRACTICE,
    UNLAWFUL COMPENSATION,
    FRONT PAY VIOLATION;
(8) FAILURE TO PAY WAGES WHEN
    DUE;
(9) FAILURE TO PAY OVERTIME,
    AND;
(10) WAITING TIME PENALTIES,
    VIOLATION OF LABOR CODE § 203.

JURY TRIAL DEMANDED

Ms. Piper alleges as follows:

1

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY   *(Name, address and telephone #)*: | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA  94913-4988 | |
|---|---|
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.


Dated _____          Attorney For _____

                                                                    _____


Dated _____          Attorney For _____

                                                                    _____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER

DEFENDANT/RESPONDENT

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:<br>DEPT:          TIME: |

1. Applicant (name):

    is

    a. ☐ plaintiff
    b. ☐ cross-complainant
    c. ☐ petitioner
    d. ☐ defendant
    e. ☐ cross-defendant
    f. ☐ respondent
    g. ☐ other (describe):

2. The complaint or other initial pleading in this action was filed on (date):

3. Applicant requests that the court grant an order extending time for service of the following pleading:

    a. ☐ Complaint
    b. ☐ Cross-complaint
    c. ☐ Petition
    d. ☐ Answer or other responsive pleading
    e. ☐ Other (describe):

4. Service and filing of the pleading listed in item 3 is presently required to be completed by (date):

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

    a. ☐ None
    b. ☐ The following (describe all, including the length of any previous extensions):

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (name each):

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given, the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

☐ Continued on Attachment 10

11. Number of pages attached _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶        _____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)                              (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date)*:

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____        _____
                                                                                          JUDICIAL OFFICER

| CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Page 2 of 2 |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

*(Check one):*  ☐ UNLIMITED CASE            ☐ LIMITED CASE
(Amount demanded                (Amount demanded is $25,000
exceeds $25,000)                or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                     Time:              Dept.:              Div.:              Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names).*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint      *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial).*

6.   **Trial date**
a. ☐   The trial has been set for: *(date):*
b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐   days *(specify number):*
b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*.

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

## 12. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status

☐ Bankruptcy ☐ Other *(specify)*:
Status:

## 14. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

## 16. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name):*

   a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4 *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201 *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE)

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Page 1 of 1

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
     STREET ADDRESS:
     MAILING ADDRESS:
     CITY AND ZIP CODE:
     BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |

| NOTICE OF TERMINATION OR MODIFICATION OF STAY | JUDICIAL OFFICER: |
|---|---|

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Page 1 of 2<br>
Cal. Rules of Court, rule 3.650<br>
www.courtinfo.ca.gov

American LegalNet, Inc.<br>
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER |
| --- | --- |
| DEFENDANT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*


2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

CM-200

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

|  | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:              FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
|---|---|
|  | JUDGE: |
|  | DEPT.: |

## NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:

   a. Purpose:

   b. ☐ (1) Date:

      (2) Time:

      (3) Department:

4. Trial date:

   a. ☐ No trial date set

   b. ☐ (1) Date:

      (2) Time:

      (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-200 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Settlement of Entire Case* was mailed:
    a. on *(date):*
    b. from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a. Name of person served:

       Street address:
       City:
       State and zip code:

    b. Name of person served:

       Street address:
       City:
       State and zip code:

    c. Name of person served:

       Street address:
       City:
       State and zip code:

    d. Name of person served:

       Street address:
       City:
       State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

MEDIATOR *(Name and Address):*

ADR-100

TELEPHONE NO.:
E-MAIL ADDRESS *(Optional):*                                    FAX NO. *(Optional):*

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

### STATEMENT OF AGREEMENT OR NONAGREEMENT

☐ First    ☐ Supplemental

CASE NUMBER:

**NOTE:** This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*

   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date).*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF MEDIATOR)

**NOTE:** Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Page 1 of 2

Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE
☐ Mail        ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is (specify):

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows (complete either a or b):
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing (city and state):

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

## PROOF OF SERVICE FOR
### STATEMENT OF AGREEMENT OR NONAGREEMENT

NAME OF COURT:

# ADR Information Form

> This form should be filled out and returned,
> within 10 days of the resolution of the dispute, to:    ▶

1. Case name: _____ No. _____

2. Type of civil case:  ☐ PI/PD-Auto    ☐ PI/PD-Other    ☐ Contract    ☐ Other *(specify):* _____

3. Date complaint filed _____    Date case resolved _____

4. Date of ADR conference _____    5. Number of parties _____

6. Amount in controversy    ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify):*_____

7. ☐ Plaintiff's Attorney    ☐ Cross Complainant's Attorney    8. ☐ Defendant's Attorney    ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| (    ) | (    ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff    ☐ Plaintiff's attorney          ☐ Defendant    ☐ Defendant's attorney
☐ 3rd party defendant    ☐ 3rd party defendant's attorney    ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation    ☐ Arbitration    ☐ Neutral case evaluation    ☐ Other *(specify):* _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.    c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0    ☐ 1 day    ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?    ☐ Yes    ☐ No

American LegalNet, Inc.
www.USCourtForms.com

1   STEVEN KESTEN, ESQ. (SBN 152376)
    POB 426
2   San Anselmo, CA  94979
    (415) 457-2668
3   (415) 457-2848

4

5   Attorney for Plaintiff Penna Piper

6

7

8               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF MARIN

10                      UNLIMITED JURISDICTION

11
    PENNA PIPER, an individual,        )  Case No.:  $C1V$ **095805**
12                                      )
            Plaintiff,                  )  UNLIMITED JURISDICTION
13                                      )
                                        )  **COMPLAINT FOR DAMAGES:**
14      vs.                             )
                                        )  (1) WRONGFUL TERMINATION
15                                      )      BASED ON DISABILITY;
    AMERICAN INSTITUTE FOR FOREIGN      )  (2) DISABILITY DISCRIMINATION;
16                                      )  (3) NEGLIGENT INFLICTION OF
    STUDY, INC. dba AU PAIR IN AMERICA, )      EMOTIONAL DISTRESS IN
17                                      )      VIOLATION OF PUBLIC POLICY;
    and DOES 1-20, inclusive,          )  (4) INTENTIONAL INFLICTION OF
18                                      )      EMOTIONAL DISTRESS IN
                                        )      VIOLATION OF PUBLIC POLICY;
19                                      )  (5) FAILURE TO REASONABLY
            Defendants.                 )      ACCOMMODATE A DISABILITY;
20                                      )  (6) VIOLATION OF BUSINESS AND
                                        )      PROFESSIONS CODE § 17200
21                                      )      *ET SEQ.*;
                                        )  (7) UNFAIR BUSINESS PRACTICE,
22                                      )  UNLAWFUL COMPENSATION,
                                           FRONT PAY VIOLATION;
23  ─────────────────────────────────     (8) FAILURE TO PAY WAGES WHEN
                                               DUE,
24                                         (9) FAILURE TO PAY OVERTIME,
                                               AND;
25                                         (10)WAITING TIME PENALTIES,
                                           VIOLATION OF LABOR CODE § 203.
26

27
                                           **JURY TRIAL DEMANDED**
28
    Ms. Piper alleges as follows:

                           1

COMPLAINT FOR WRONGFUL TERMINATION BASED ON DISABILITY; DISABILITY DISCRIMINATION; INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND; FAILURE TO

## INTRODUCTION

1.     PENNA PIPER ("Plaintiff") brings this action against Defendants AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN AMERICA (hereinafter "Defendants" or "AU PAIR IN AMERICA"), and DOES ONE through TWENTY, inclusive, and each of them, pursuant to California Fair Employment and Housing Act, Government Code § 12940 et seq., California Public Policy, Witkin, 5 Torts § 449 et seq., Witkin 6 Torts § 1004 et seq., and Witkin 6 Torts § 1586. This is an action for damages as to: (1) Wrongful Termination Based on Disability; (2) Disability Discrimination; (3) Negligent Infliction of Emotional Distress; (4) Intentional Infliction of Emotional Distress, and; (5) Failure to Make Reasonable Accommodation. Defendants unlawfully exercised discriminatory and unlawful conduct toward Plaintiff, subjecting Plaintiff to loss of employment and wages due to her disability.

2.     Plaintiff alleges that Defendants' employment practices are unlawful and contrary to the public policies of the State of California. Plaintiff alleges that by violating the state labor laws enumerated below, Defendants have engaged in and continue to engage in unfair and unlawful business practices in violation of California Fair Employment and Housing Act and Government Code § 12940 et seq., and the applicable Wage Order thereby depriving Plaintiff of compensation she worked for and deserves and causing injury to Plaintiff. Plaintiff timely filed a DFEH complaint and received a right to sue notice within one year of the filing of this complaint.

3.     Plaintiff seeks damages suffered in terms of lost wages she would have earned had she been allowed to continue working for AU PAIR IN AMERICA; emotional distress Plaintiff suffered having endured the wrongful termination of her employment based on a medical condition; unpaid regular and overtime wages for which she also seeks recovery of penalties; injunctive and declaratory relief; all other forms of equitable relief permitted by law; punitive penalties, and; reasonable attorneys' fees and costs.

## JURISDICTIONAL ALLEGATIONS

4.     Venue as to Defendants is proper in this judicial district, pursuant to CCP § 395(a). During the times and dates the happening relevant to this complaint took place,

2

1  Defendants maintained an office, transacted business, and/or employed an Plaintiff in Marin
2  County, and are otherwise within this Court's jurisdiction for purposes of service of process.
3  The unlawful acts alleged herein have a direct effect on Plaintiff.
4      5.     The Court has jurisdiction over this action pursuant to Article 6, § 10 of the
5  California Constitution and CCP § 410.10.
6      6.     Plaintiff brings this action pursuant to California Fair Employment and Housing
7  Act, Government Code § 12940 et seq., Labor Code Sections 200 et seq., 221, 226, 226.7, 510,
8  1174, 1174.5, 1182.11, 1194, 1194.2, 1197, 1197.1, 1198, and 2698, et seq.; Industrial Welfare
9  Commission Wage Order 4-2001; California Business & Professions Code § 17200 et seq.;
10 California Public Policy, Witkin, 5 Torts § 449 et seq., Witkin 6 Torts § 1004 et seq., and Witkin
11 6 Torts § 1586, in that Defendants' had a remote office in Plaintiff's home which it used for
12 business in the County of Marin, and that the contracts, whether real or implied and acts of
13 Defendants' giving rise to this Complaint were made and performed in the County of Marin, and
14 Defendants' liability arises pursuant to their employment and supervision of Plaintiff in the
15 County of Marin

## THE PARTIES

17     7.     PENNA PIPER (hereinafter "Ms. Piper," "Penna" or "Plaintiff") was formerly
18 employed by Defendant AU PAIR OF AMERICA dba AU PAIR IN AMERICA (hereinafter
19 "Defendant") as a Community Counselor serving the North Bay region of the San Francisco Bay
20 Area.
21     8.     Defendants: Defendant AU PAIR IN AMERCIA does business in California as an
22 au pair placement agency AU PAIR IN AMERICA is headquartered at River Plaza, 9 West
23 Broad Street, Stamford, Connecticut, 06902. AU PAIR IN AMERICA is sued in its capacity as
24 Ms. Piper's direct employer and it is believed and thereon alleged that Defendants failed to
25 properly adhere to corporate formalities and each Defendant was, in fact, the alter ego of the
26 other. Plaintiff is informed and believes and thereon alleges that LYNN GILBERT and RUTH
27 FERRY were Ms. Piper's supervisors and the persons responsible for making the decisions on
28 which that the resulting damages were proximately caused by said Defendants' conduct.

3

9.     Ms. Piper is ignorant of the true names and capacities of the defendants sued herein as DOES ONE through TWENTY, inclusive, and therefore sues them by such fictitious names. Ms. Piper is informed and believes and thereon alleges that said defendants are in some manner legally responsible for the activities and damages alleged herein. Ms. Piper will amend this Complaint to allege their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

10.     Ms. Piper is informed and believes and thereon alleges that at all times relevant to this complaint that Ms. Piper is a woman who was employed as a Community Counselor by Defendant AU PAIR IN AMERICA, headquartered at River Plaza, 9 West Broad Street, Stamford, Connecticut, 06902, during the period of January 2005 to November 6, 2008 (hereinafter the "relevant statutory period"). Ms. Piper's supervisors included LYNN GILBERT, and RUTH FERRY.

11.     Ms. Piper is informed and believes and thereon alleges that at all times relevant to this complaint Ms. Piper was a dedicated and consummate professional in her position as a Community Counselor, who was respected among colleagues and well-liked by her clients. In or about March, 2007 Ms. Piper received a positive evaluation review by Defendant Gilbert who stated that Ms. Piper was doing well in her position.

12.     On or about August 20, 2007 Ms. Piper was diagnosed with colon cancer for which she received emergency surgery on August 20, 2007.

13.     On or about November 9, 2007 Ms. Piper's cancer had metastasized to the liver for which she underwent additional surgery for colon and liver cancer, followed by a brief medical leave. Ms. Murphy assumed Ms. Piper's duties during her period of recuperation.

14.     Ms. Piper is informed and believes and thereon alleges that at all times relevant to this complaint that on or about January, 2008 Ms. Piper received the first in a series of disturbing phone calls from Defendants Lynn Gilbert and Jan Murphy attempting to persuade Ms. Piper to quit her job to relieve herself of the "burden," suggesting that Ms. Piper might feel better "letting the job go." No effort was made to engage in the interactive process to determine

4

1   what, if any reasonable accommodations could be made that would permit Ms. Piper to continue
2   working as was her preference.

3        15.    On or about January, 2008 Ms. Piper informed Ms. Murphy that another liver
4   surgery was necessary, after which Ms. Piper received a phone call from Defendant Jan Murphy
5   informing her that if Ms. Piper went ahead with yet another surgery, as was planned, Ms. Piper
6   will be replaced and her employment terminated.

7        16.    Ms. Piper was hospitalized for three days on or about February 8, 2008 for
8   complications resulting from chemotherapy.

9        17.    On or about February 28, 2008, Ms. Piper received an e-mail from Defendant
10  Gilbert informing Ms. Piper that Defendant Gilbert planned to advertise for a replacement for
11  Ms. Piper's position, despite the fact that Ms. Piper was not only able to continue working, but
12  capable of maintaining the same high standards for which Ms. Piper was well known, needing
13  only modest accommodation.

14       18.    On or about March 13, 2008, Ms. Piper received an e-mail from Defendant
15  Gilbert requiring Ms. Piper attend a conference in Detroit.  Ms. Piper responded that she was, in
16  fact, physically fit enough to work, but had been instructed by her physician not to travel by air,
17  as air travel puts patients receiving chemotherapy treatment at high risk of infection.

18       19.    On or about March 20, 2008, Defendant Gilbert informed Ms. Piper that because
19  of her inability to travel by air, Ms. Piper's employment would be terminated and Ms. Piper
20  could expect to be unemployed in approximately two months.  In an effort to educate Defendant
21  Gilbert regarding Ms. Piper's medical condition and to better understand Ms. Piper's full ability
22  to perform her duties as before she became ill, Ms. Piper's physician, Dr. Alex Metzger, M.D.,
23  sent Defendant Gilbert a letter confirming that Ms. Piper was capable of performing all aspects
24  of her job.  The letter also confirmed that air travel is highly discouraged during the course of
25  chemotherapy treatment as standard medical procedure.

26       20.    Ms. Piper is informed and believes and thereon alleges that at all times relevant
27  to this complaint that she was able to diligently and conscientiously perform all aspects of her
28  job. Upon receiving a particularly positive review from a client commending Ms. Piper's ability

5

1  to persevere and maintain professionalism despite her disability, Defendant Gilbert informed the
2  client that Ms. Piper was going to be fired.
3      21.    On or about September 6, 2008, Ms. Piper again required surgery and saw to it
4  that her absence caused no inconvenience to her clients by making sure her shifts were covered
5  by coworkers during her convalescence.
6      22.    On or about September 6, 2008 and September 8, 2008 Ms. Piper informed
7  Defendants Jan Murphy and Lynn Gilbert, respectively, that Ms. Piper would be requiring
8  expanded testing and possible further surgery for cancer over the next several weeks, to which
9  Defendant Gilbert replied that she thought they had "agreed" not to have any additional breaks in
10  Ms. Piper's schedule. As Ms. Piper had not planned on getting cancer, these breaks were
11  unavoidable and critical to Ms. Piper's health and could therefore not be canceled, as Defendant
12  Gilbert was suggesting. On or about September 15, 2008 Ms. Piper ensured that her shifts were
13  covered during her absence by Suzi Holtz.
14      23.    On or about September 17, 2008, Ms. Piper received an e-mail from Defendant
15  Gilbert informing Ms. Piper that her planned absence had "not been approved," and advised Ms.
16  Piper to find employment more suitable to her "condition."
17      24.    On or about November 6, 2008 Ms. Piper received a letter of termination of
18  employment from Ruth Ferry.
19      25.    Ms. Piper is informed and believes and thereon alleges that at all times relevant to
20  this complaint that Ms. Piper was subjected to discrimination and wrongful termination based on
21  her disability. Au pair in America failed or refused to engage in the interactive process to
22  determine what, if any, accommodations were required regarding Ms. Piper's position and illness
23  and, instead, chose to terminate Ms. Piper's employment with Defendant Au Pair In America
24  leading to Ms. Piper's financial hardship and extreme mental anguish.
25      26.    Because Ms. Piper was incorrectly classified as an "Independent Contractor,"
26  was never offered health insurance on the company's group coverage policy, was uninsured at
27  the time her illness was diagnosed, she was unable to obtain speedy and complete treatment for
28  her illness which resulted in delayed care ultimately resulting in the cancer having metastasized

6

1  to the liver. Had Ms. Piper been properly classified as an employee, she may have had health
2  insurance offered to her as part of her employment benefits and would have been able to access
3  healthcare in a more comprehensive manner. It is entirely reasonable that had Ms. Piper had
4  health insurance as did other employees, she would have had access to healthcare and regular
5  check ups including colonoscopy, allowing her cancer to have been detected at an earlier stage,
6  preventing the metastatic condition she now battles. Because Ms. Piper was misclassified and an
7  Independent Contractor and because Ms. Piper wasn't paid wages as would legally be required
8  for a California employee, Ms. Piper faces an uncertain future.

9       27.     Penna Piper was paid a paltry sum for regularly working forty or more hours per
10  week. Defendant Au Pair In America failed to keep track of Ms. Piper's hours, failed to pay
11  regular and double time compensation for hours worked in excess of 8 hours per day or 40 hours
12  per week. The compensation paid to Plaintiff failed to meet the minimum wage standards
13  applicable to employees in the state of California.

14  

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION BASED ON DISABILITY**
**IN VIOLATION OF CAL. GOV'T CODE § 12900 *et seq.***
**AGAINST DEFENDANTS AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba**
**AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

18       28.     Plaintiff incorporates by reference all of the factual allegations set forth in this
19  complaint except those which are inconsistent with this cause of action.
20       29.     All of the above conduct and ultimate termination of employment of Ms. Piper
21  was based on her disability, and was part of an ongoing and continuing pattern of conduct in
22  violation of Government Code §§ 12900 and 12945.2 (c)(3)(C). Ms. Piper alleges that at all
23  times relevant to this complaint she was subjected to and forced to endure discrimination based
24  on her disability, extreme mental anguish, and ultimate termination. Ms. Piper alleges that her
25  immediate superior, Ms. Gilbert, regarded Ms. Piper's condition of cancer as a mere violation of
26  the terms of her employment, for which Ms. Piper deserved to be fired.
27       30.     In violation of California Public Policy and the provisions of the Fair
28  Employment and Housing Act, Defendants terminated Ms. Piper's employment based upon her

7

1 medical condition without first determining what, if any, accommodations would make it
2 possible for her to perform the essential functions of her job or before offering leave, whether
3 paid or unpaid. Ms. Piper alleges that at all times relevant to this action, that following a
4 diagnosis of colon and liver cancer and subsequent treatment, she was forced to endure
5 uncooperative and intentionally indifferent behavior on the part of her immediate superior, Ms.
6 Gilbert, leading to Ms. Piper's ultimate termination. Ms. Piper continued to persevere and
7 diligently fulfill the terms of her employment despite Ms. Gilbert's callous calls for Ms. Piper to
8 quit. Plaintiff was forced to pay sums of money to other employees to cover her work and
9 received no accommodations other than one week of medical leave though even minor
10 accommodations would have eased the burden of working with cancer. Defendants' termination
11 of Ms. Piper due to her medical condition was not only unconscionable, but unlawful.

12     31.     Defendants' acts were malicious, oppressive or discriminatory, with intent to
13 vex, injure, annoy, humiliate or torment Ms. Piper, in conscious disregard of the rights and safety
14 of Ms. Piper, and in furtherance of AU PAIR IN AMERICA's ratification of the wrongful
15 conduct of its representatives and/or agents. Accordingly, Ms. Piper is entitled to recover
16 punitive damages from Defendants, and each of them.

17     32.     By reason of the conduct of Defendants and each of them as alleged herein,
18 Ms. Piper has necessarily retained attorneys to prosecute the within action. Ms. Piper is
19 therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness
20 fees and costs, incurred in bringing the within action. As a result of Defendants' and each of
21 their actions, Ms. Piper sustained economic damages to be proven at trial. As a further result of
22 Defendants' and each of their actions, Ms. Piper suffered severe emotional distress resulting in
23 damages to be proven at trial

24     33.     The above unlawful and discriminatory conduct violates FEHA, Government
25 Code §§ 12940 and 12945.2(c)(3)(C) and California Public Policy and entitles Ms. Piper to all
26 categories of damages, including exemplary or punitive damages.

27
28

8

**SECOND CAUSE OF ACTION**
**DISABILITY DISCRIMINATION**
**VIOLATION OF CAL. GOV'T CODE § 12900 et seq.**
**AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba**
**AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

34.     Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those which are inconsistent with this cause of action.

35.     All of the above conduct and ultimate termination of employment of Ms. Piper was based on her disability, and was part of an ongoing and continuing pattern of conduct in violation of Government Code §§ 12900 and 12945.2 (c)(3)(C). Ms. Piper alleges that at all times relevant to this complaint she was subjected to and forced to endure discrimination based on her disability, extreme mental anguish, and ultimate termination of her employment. Ms. Piper alleges that her immediate superior, Ms. Gilbert, hurtfully and without regard to the emotional impact on Ms. Piper or Ms. Piper's rights, considered Ms. Piper's condition of cancer a mere inconvenience and disruption of business, for which Ms. Gilbert fired Ms Piper.

36.     Defendants' acts were malicious, oppressive or discriminatory with intent to vex, injure, annoy, humiliate and torment Ms. Piper, in conscious disregard of the rights or safety of Ms. Piper, and in furtherance of AU PAIR IN AMERICA's ratification of the wrongful conduct of the representatives and/or agents of AU PAIR IN AMERICA. Accordingly, Ms. Piper is entitled to recover punitive damages from Defendants.

37.     At all relevant time periods Defendants, and each of them, failed to make an adequate response and investigation into the conduct of Defendants and the aforesaid pattern and practice of discrimination, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in unlawful disability discrimination towards employees of Defendants, including, but not limited to, Ms. Piper.

9

38.     At all relevant time periods there existed within the organization of Defendants', and each of them, a pattern and practice of conduct by their personnel which resulted in disability discrimination, including but not necessarily limited to, conduct directed at Ms. Piper.

39.     The failure of Defendants, and each of them, to provide any or adequate education, training, and information to personnel concerning policies and practices regarding disability discrimination, constituted deliberate indifference to the rights of employees, including but not limited to those of Ms. Piper.

40.     By reason of the conduct of Defendants and each of them as alleged herein, Ms. Piper has necessarily retained attorneys to prosecute the within action. Ms. Piper is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants' and each of their actions, Ms. Piper sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Ms. Piper suffered severe emotional distress resulting in damages to be proven at trial.

41.     The above harassing and discriminatory conduct violates FEHA, Government Code §§ 12900 and 12945.2 (e)(3)(C) and California Public Policy and entitles Ms. Piper to all categories of damages, including exemplary or punitive damages.

## THIRD CAUSE OF ACTION
## FAILURE TO ACCOMMODATE A DISABILITY
## VIOLATION OF CAL. GOV'T CODE § 12940(m)
## AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba
## AU PAIR IN AMERICA AND DOES 1 THROUGH 20

42.     Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those which are inconsistent with this cause of action.

43.     In violation of FEHA, Defendant AU PAIR IN AMERICA failed to make reasonable accommodation for the disability of Ms. Piper. Ms. Piper alleges that her repeated attempts to work out an agreeable resolution to concurrently satisfy her need for medical care and her employment requirements were met with disapproval, calculated obstacles, and ultimate termination by Ms. Gilbert and Ms. Ferry.

10

44.     In perpetrating the above-described conduct, Defendants, and each of them, engaged in a pattern, practice, policy and custom of unlawfully failing to accommodate the disability of an employee.  Ms. Piper alleges that AU PAIR IN AMERICA, after having been made aware of Ms. Piper's disability, failed to protect her from the unlawful behavior of Ms. Gilbert and Ms. Ferry.  Said conduct on the part of Defendants, and each of them, constituted a policy, practice, tradition, custom and usage which denied Ms. Piper protection of the employment rights statutes enumerated above.

45.     At all relevant time periods Defendants, and each of them, failed to make an adequate response and investigation into the conduct of Defendants and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in unlawful disability discrimination towards employees of Defendants, including but not limited to Ms. Piper.

46.     At all relevant time periods there existed within the organization of Defendants', and each of them, a pattern and practice of conduct by their personnel which resulted in disability discrimination, including but not necessarily limited to, conduct directed at Ms. Piper.

47.     Defendants did not provide disability discrimination training with respect to its employees and managers.  Defendants purposefully misclassified Plaintiff as an independent contractor rather than as an employee so as to deprive Plaintiff access to Defendant's health insurance plan and other direct and indirect employee benefits and to deprive Plaintiff the protections of the Fair Employment and Housing Act and the California Family Rights Act.

48.     Defendants, and each of them, knew or reasonably should have known that the failure to provide any or adequate education, training, and information as to their personnel policies and practices regarding disability discrimination would result in the enactment of disability discrimination against employees including but not limited to Ms. Piper.

49.     The failure of Defendants, and each of them, to provide any or adequate education, training, and information to personnel concerning policies and practices regarding

11

1  disability discrimination, constituted deliberate indifference to the rights of employees, including

2  but not limited to those of Ms. Piper.

3      50.    By reason of the conduct of Defendants and each of them as alleged herein, Ms.

4  Piper has necessarily retained attorneys to prosecute the within action.  Ms. Piper therefore is

5  entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and

6  costs, incurred in bringing the within action. As a result of Defendants and each of their actions,

7  Ms. Piper sustained economic damages to be proven at trial.  As a further result of Defendants'

8  and each of their actions, Ms. Piper suffered emotional distress; resulting in damages to be

9  proven at trial.

10      51.    The conduct of Defendants and/or their agents/employees as described herein was

11  malicious, and/or oppressive, and done with a willful and conscious disregard for Ms. Piper's

12  rights and for the deleterious consequences of Defendants' actions.  Defendants and/or their

13  agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the

14  remaining Defendants.  Consequently, Ms. Piper is entitled to punitive damages against

15  Defendants.

16                    **FOURTH CAUSE OF ACTION**
                **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
17                **IN VIOLATION OF CALIFORNIA PUBLIC POLICY**
        **AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba**
18                 **AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

19

20      52.    Plaintiff incorporates by reference all of the factual allegations set forth in this

21  complaint except those which are inconsistent with this cause of action.

22      53.    In violation of California Public Policy supporting the Fair Employment and

23  Housing Act and the California Family Rights Act, Defendants terminated Ms. Piper's

24  employment based upon her medical condition resulting in emotional distress and extreme

25  mental anguish.  Ms. Piper alleges that at all times relevant to this action, following a diagnosis

26  of colon and liver cancer and subsequent treatment, she was forced to endure uncooperative and

27  intentionally indifferent behavior on the part of Ms. Piper's immediate superiors, Ms. Gilbert and

28  Ms. Ferry, who intentionally created obstacles to prevent Ms. Piper from concurrently

                                    12

1   performing her job and battling a life-threatening illness. Defendants fired Ms. Piper because of

2   her medical condition thereby violating both the Fair Employment and Housing Act and the

3   California Family Rights Act, demonstrating callous and malicious disregard for Ms. Piper's

4   rights and feelings, resulting in additional hardship in terms of economic loss and extreme

5   mental anguish.

6        54.    At all relevant times, Defendants had actual or constructive knowledge of extreme

7   and outrageous conduct described herein, and condoned, ratified and participated in such

8   extreme and outrageous acts. Defendants and each of them knew that by misclassifying Plaintiff

9   as an independent contractor, they would make it impossible for her to join Defendants health

10  insurance program and enjoy other direct and indirect benefits provided to employees by both

11  Defendants and the State of California. Had Plaintiff had access to Defendant's health insurance,

12  she would have been able to access proper medical care and treatment. Because Plaintiff was

13  misclassified and dramatically underpaid in violation of the minimum wage requirements of the

14  state of California, Plaintiff was unable to obtain adequate medical care and thereby suffered

15  even greater physical pain and emotional distress than would have otherwise been typical of her

16  illness.

17       55.    As a direct and proximate result of Defendants' willful, knowing and intentional

18  acts, and Defendants' failure to act, Ms. Piper has suffered and will continue to suffer mental

19  distress and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings and

20  other employment benefits and job opportunities. Ms. Piper is thereby entitled to general and

21  compensatory damages in amount to be proven at trial.

22       56.    Ms. Piper alleges that AU PAIR IN AMERICA failed to protect her from

23  emotional distress caused by her lack of insurance and Defendants' failure to accommodate her

24  medical condition, and subsequently terminated Ms. Piper from employment in 2008 based on

25  her disability. As a proximate result of Defendants' wrongful acts, Ms. Piper has suffered and

26  continues to suffer substantial monetary losses incurred, and has suffered and continues to suffer

27  emotional distress to a degree and in an amount according to proof at the time of trial.

28

13

57.    By reason of the conduct of Defendants and each of them as alleged herein, Ms. Piper has necessarily retained attorneys to prosecute the within action. Ms. Piper is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Ms. Piper sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Ms. Piper suffered emotional distress; resulting in damages to be proven at trial.

58.    The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Ms. Piper's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Ms. Piper is entitled to punitive damages against Defendants.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF PUBLIC POLICY
## AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC, dba AU PAIR IN AMERICA AND DOES 1 THROUGH 20

59.    Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those which are inconsistent with this cause of action.

60.    In violation of California Public Policy, Fair Employment and Housing Act and the California Family Rights Act, Defendants terminated Ms. Piper's employment based upon her medical condition resulting in extreme emotional distress and mental anguish. Ms. Piper alleges that at all times relevant to this action, following a diagnosis of colon and liver cancer and subsequent treatment, she was forced to endure uncooperative and intentionally indifferent behavior on the part of Ms. Piper's immediate superiors, Ms. Gilbert and Ms. Ferry, in terms of intentionally creating obstacles to prevent Ms. Piper from concurrently performing her job and battling a life-threatening illness. Defendants fired Ms. Piper because of her medical condition,

14

1   demonstrating callous disregard for Ms. Piper's rights and feelings, resulting in additional
2   hardship in terms economic loss and extreme mental anguish.

3       61.     At all relevant times, Defendants had actual or constructive knowledge that their
4   conduct was extreme and outrageous conduct as described herein, and condoned, ratified and
5   participated in such extreme and outrageous acts that violated both the Fair Employment and
6   Housing Act and the California Family Rights Act.

7       62.     As a direct and proximate result of Defendants' willful, knowing and negligent
8   acts, and Defendants' failure to act, Ms. Piper has suffered and will continue to suffer mental
9   distress and anguish. Ms. Piper has suffered and will continue to suffer a loss of earnings and
10  other employment benefits and job opportunities. Ms. Piper is thereby entitled to general and
11  compensatory damages in amount to be proven at trial.

12      63.     Ms. Piper alleges that AU PAIR IN AMERICA failed to protect her from
13  negligent infliction of emotional distress, and subsequently terminated Ms. Piper from
14  employment in 2008 based on her disability. As a proximate result of Defendants' wrongful
15  acts, Ms. Piper has suffered and continues to suffer substantial monetary losses incurred; and has
16  suffered and continues to suffer emotional distress in an amount according to proof at the time of
17  trial.

18      63.     Defendants, and each of them, performed the acts alleged herein negligently, and
19  oppressively, and wrongfully injured Ms. Piper. The acts complained of were known to,
20  authorized and ratified by Defendants. Ms. Piper is therefore entitled to recover general and
21  special damages from Defendants, and each of them, in an amount according to proof at the time
22  of trial.

23      **SIXTH CAUSE OF ACTION- UNFAIR BUSINESS PRACTICES –**
        **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 _ET SEQ._**
24      **AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC, dba**
25      **AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

26      65.     Plaintiff incorporates by reference all of the factual allegations set forth in this
27  complaint except those which are inconsistent with this cause of action.
28

15

66.    Ms. Piper alleges that at all times relevant to this action, that as a result of disability discrimination, she was wrongfully terminated from the employment to which she is entitled and to which she proved herself as a capable professional.  Defendants and each of them have engaged and possibly continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, by requiring others like Ms. Piper to perform tasks in the daily course of their employment under conditions described herein.

67.    Ms. Piper is informed and believes and based thereon alleges that at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code §17200, et seq., including those set forth above, thereby depriving Ms. Piper the reasonable working conditions due to her under applicable California law.

68.    Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

69.    Ms. Piper seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

70.    The acts complained of herein occurred, at least in part, within the last two (2) years preceding the filing of the complaint in this action.

### SEVENTH CAUSE OF ACTION- UNFAIR BUSINESS PRACTICES – UNLAWFUL COMPENSATION BELOW MINIMUM WAGE REQUIREMENT VIOLATION OF CAL. GOV'T CODE §§ 203, 1182.11, 1194, 1194.2, 1197, and 1197.1, BUSINESS & PROFESSIONS CODE §17200 et seq. AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN AMERICA AND DOES 1 THROUGH 20

71.    Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those that are inconsistent with this cause of action.

72.    Defendants and each of them have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices

16

1 | outlined above, by requiring Plaintiff to perform labor services for compensation below

2 | minimum wage or overtime requirements in violation of Government Code §§ 1182.11 and

3 | 1192, 1194.2, 1197, and 1197.1, and complained of herein under the conditions described.

4 |      73.     Plaintiff is informed and believes and based thereon alleges that at all times herein

5 | mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as

6 | proscribed by California Business and Professions Code §17200, et seq., and Government Code

7 | §§ 1182.11 and 1194, 1194.2, 1197, and 1197.1, including those set forth above, thereby

8 | depriving Plaintiff the minimum wage, overtime, double time wage standards and federal and

9 | state employer tax contributions due to her under applicable California law.

10 |      74.     Defendants' utilization of such unfair business practices constitutes unfair

11 | competition and provides an unfair advantage over Defendants' competitors.

12 |      75.     Plaintiff seeks full restitution and disgorgement of monies, as necessary and

13 | according to proof, to restore any and all monies withheld, acquired and/or converted by the

14 | Defendants by means of the unfair practices complained of herein.

15 |      76.     The restitution includes all wages earned and unpaid, including interest thereon.

16 | Restitution also includes payment of Labor Code Section 203 waiting time penalties.

17 |      77.     The acts complained of herein occurred, at least in part, within the last four (4)

18 | years preceding the filing of the complaint in this action.

19 |      **EIGHTH CAUSE OF ACTION- UNFAIR BUSINESS PRACTICES –**

20 | **UNLAWFUL COMPENSATION –FRONT PAY**
**VIOLATION OF CAL. GOV'T CODE §§ 203, 1182.11, 1194, 1194.2, 1197, and 1197.1,**

21 | **BUSINESS & PROFESSIONS CODE §17200 et seq.**
**AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba**

22 | **AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

23 |

24 |      78.     Plaintiff incorporates by reference all of the factual allegations set forth in this

25 | complaint except those which are inconsistent with this cause of action.

26 |      79.     Defendants and each of them have engaged and continue to engage in unfair

27 | business practices in California by practicing, employing and utilizing the employment practices

28 | outlined above, by requiring Plaintiff to perform labor services for compensation below

17

1  minimum wage and overtime requirements in violation of Government Code §§ 1182.11 and

2  1192, 1194.2, 1197, and 1197.1, and complained of herein under the conditions described.

3       80.    Plaintiff is informed and believes and based thereon alleges that at all times herein

4  mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as

5  proscribed by California Business and Professions Code §17200, et seq., and Government Code

6  §§ 1182.11 and 1194, 1194.2, 1197, and 1197.1, including those set forth above, thereby

7  depriving Plaintiff the front pay due to her under applicable California law for commissions she

8  earned or substantially earned as the procuring cause of numerous loan applications.

9       81.    Defendants' utilization of such unfair business practices constitutes unfair

10  competition and provides an unfair advantage over Defendants' competitors.

11       82.    Plaintiff seeks full restitution and disgorgement of monies, as necessary and

12  according to proof, to restore any and all monies withheld, acquired and/or converted by the

13  Defendants by means of the unfair practices complained of herein.

14       83.    The restitution includes all wages earned and unpaid, including interest thereon.

15  Restitution also includes payment of Labor Coe Section 203 waiting time penalties.

16       84.    The acts complained of herein occurred, at least in part, within the last four (4)

17  years preceding the filing of the complaint in this action.

18             **NINTH CAUSE OF ACTION – FAILURE TO PAY WAGES WHEN DUE**

19             **VIOLATION OF LABOR CODE §§ 201-204**

           **BUSINESS & PROFESSIONS CODE §17200 _et seq._**

20    **AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY,**

21      **INC. dba AU PAIR IN AMERICA AND DOES 1 THROUGH 20**

22       85.    Plaintiff incorporates by reference all of the factual allegations set forth in this

23  complaint except those that are inconsistent with this cause of action.

24       86.    Wage Order 4-2001 provides in pertinent part; "[E]mployees shall not be

25  employed more than eight (8) hours in any workday or more than 40 in a workweek unless the

26  employee receives one and one half (1 1/2) times such employee's regular rate of pay for all

27  hours worked over 40 hours in the workweek." Wage Order 4-2001.

28

87.     Employees who are covered by Wage Order 4-2001 must receive: "(a) One and one-half (1 1/2) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (9) hours on the seventh (7th) consecutive day of work in a workweek." Wage Order 4-2001.

88.     As a result of Defendants' failure to provide Plaintiff her fair and legally required compensation when due in accordance with California law, Plaintiff has been deprived of wages due her in amounts to be proven at trial.

89.     Pursuant to California law including, but not limited to Labor Code § 218.6, Plaintiff is entitled to demand, and does demand, prejudgment interest, on the amount of overtime, wages owed, in an amount to be proven at trial.

90.     Labor Code §§ 201-204 provides that when an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. As a result of Defendants' failure to pay wages to Plaintiff when due, Defendants are subject to civil penalties under Labor Code § 203 to be determined at trial. Defendant AU PAIR IN AMERICA and DOES 1-20 as Plaintiff's employer, are also liable for civil penalties in an amount to be determined at trial.

91.     California Labor Code § 1194(a) provides that an employee who has not been paid compensation as required by § 1198 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees, and the costs of suit.

### TENTH CAUSE OF ACTION – FAILURE TO PAY OVERTIME VIOLATION LABOR CODE §§ 2L8.6, 510, 558, 1194(A), 1198; BUSINESS & PROFESSIONS CODE §17200 *et seq.* WAGE ORDER 4-2001 , 8 CAL. CODE REGS. § 11050 AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN AMERICA AND DOES 1 THROUGH 20

19

92. Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those which are inconsistent with this cause of action.

93. Wage Order 4-2001 provides in pertinent part; "[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 in a workweek unless the employee receives one and one half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek." Wage Order 4-2001, A(1)

94. Employees who are covered by Wage Order 4-2001 must receive: "(a) One and one-half (1 1/2) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (9) hours on the seventh (7th) consecutive day of work in a workweek." Wage Order 4-2001, A(1)(a)

95. As a result of Defendants' failure to provide Plaintiff with overtime and double-time pay in accordance with California law, Plaintiff has been deprived of wages due them in amounts to be proven at trial.

96. Pursuant to California law including, but not limited to Labor Code § 218.6, Plaintiff is entitled to demand, and does demand, prejudgment interest, on the amount of overtime, wages owed, in an amount to be proven at trial.

97. Labor Code § 558 (a) provides that any employer or other person who fails to pay overtime wages shall be liable for civil penalties. As a result of Defendants' failure to pay overtime wages to Plaintiff, it is subject to civil penalties to be determined at trial. Defendants were the employers of Plaintiff and are also liable for civil penalties in an amount to be determined at trial.

98. California Labor Code § 1194(a) provides that an employee who has not been paid overtime compensation as required by § 1198 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees, and the costs of suit.

.

20

### ELEVENTH CAUSE OF ACTION
### WAITING TIME PENALTIES - LABOR CODE § 203 *ET SEQ.*
### AGAINST DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC, dba
### AU PAIR IN AMERICA AND DOES 1 THROUGH 20

99.     Plaintiff incorporates by reference all of the factual allegations set forth in this complaint except those which are inconsistent with this cause of action.

100.    By failing to compensate Plaintiff as required by the Labor Code and the applicable Wage Order, Defendant has also willfully failed to make timely payment of the full wages due to his employee who quit or have been discharged, and thereby have violated Labor Code §§ 201 and 202.

101.    Pursuant to Labor Code § 203, Plaintiff, who has been discharged, is entitled to waiting time penalties equal to amounts to be determined at trial, up to the equivalent of 30 days' pay.

### ATTORNEYS' FEES AND COSTS

102.    Plaintiff is entitled to recover attorneys' fees and costs, pursuant to California law, including, without limitation, Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226, 1194(a), 2698, *et seq*, and Government Code § 12940. Enforcement of statutory provisions enacted to protect workers from discrimination and to ensure prompt payment of wages due employees are matters of fundamental public interest in California. Consequently, Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Piper prays for the following relief:

1.      General damages in an amount to be proved at trial;

2.      Special damages in an amount to be proved at trial;

3.      Exemplary damages in an amount appropriate to punish Defendants and to make an example of them to the community;

4.      Award to be determined at trial as provided in California Civil Code §§ 51.7, 54;

5.      Award to be determined at trial as provided in Labor Code §§ 226.7, 512;

21

Wage Order 4-2001, 8 California Code of Regulations § 11050.

6.    Waiting time penalties on monies due upon termination of Ms. Piper who has

been discharged, as provided for by Labor Code § 203 in an amount according to proof;

7.    Reasonable attorneys' fees;

8.    Costs of suit;

9.    Interest, and;

10.   For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims.

Dated:    10/29/09                    LAW OFFICE OF STEVEN KESTEN


                                      By_____
                                         Steven Kesten, Esq.
                                         Attorney for Plaintiff
                                         PENNA PIPER

22

EXHIBIT B

| | |
|---|---|
| 1 | SEYFARTH SHAW LLP<br>Nick C. Geannacopulos (State Bar No. 114822) |
| 2 | Amy K. Skryja (State Bar No. 214826)<br>560 Mission Street, Suite 3100 |
| 3 | San Francisco, California 94105<br>Telephone: (415) 397-2823 |
| 4 | Facsimile: (415) 397-8549 |
| 5 | Attorneys for Defendant |
| 6 | AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.<br>dba AU PAIR IN AMERICA |

**FILED**

**JAN 0 7 2010**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

**BY FAX**

| | | |
|---|---|---|
| PENNA PIPER, an individual, | ) | Case No. CIV 095805 |
| Plaintiff, | ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. | ) | |
| AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN AMERICA, and DOES 1-10, | ) | Complaint Filed: November 16, 2009 |
| Defendant. | ) | |

Defendant AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. dba AU PAIR IN AMERICA ("Defendant") answers Plaintiff PENNA PIPER's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation and cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

1

1        Separately, and as defenses to each of the purported causes of action in Plaintiff's

2  Complaint, and pursuant to California Code of Civil Procedure Section 431.30(g), Defendant

3  alleges the following defenses.  In asserting these defenses, Defendant does not assume the

4  burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove:

5  **SEPARATE DEFENSES**

6  **FIRST DEFENSE**

7  (Failure to State a Claim)

8        Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state

9  facts sufficient to constitute a cause of action upon which any relief may be granted.

10  **SECOND DEFENSE**

11  (Independent Contractor)

12        Plaintiff's Complaint, and every cause of action purported to be asserted therein, is barred

13  because Plaintiff was an independent contractor.

14  **THIRD DEFENSE**

15  (Standing)

      Plaintiff's claims are barred to the extent she lacks standing to sue the named Defendant.

16

17  **FOURTH DEFENSE**
(Statute of Limitations)

18        Plaintiff's Complaint and each and every cause of action purported to be alleged therein

19  is barred by the applicable statute of limitations including, but not limited to, California

20  Government Code Sections 12960 and 12965, and California Code of Civil Procedure Sections

21  335.1, 337, 338(a), 339 and 343 and California Business & Professions Code section 17208, *et*

22  *seq.*

23  **FIFTH DEFENSE**

24  (Failure to Exhaust Administrative Remedies)

25        Plaintiff's Complaint and each and every cause of action alleged therein is barred to the

26  extent Plaintiff has failed to exhaust her administrative remedies pursuant to California

27  Government Code Sections 12960, 12965 and all other applicable laws.

28  //

2

## SIXTH DEFENSE
### (Scope of Administrative Charge)

In the event Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing, Plaintiff's causes of action are barred to the extent that the claims and allegations in the Complaint were not contained in Plaintiff's charge of discrimination.

## SEVENTH DEFENSE
### (Laches, Unclean Hands, Waiver and Estoppel)

Plaintiff is not entitled to any relief to the extent she forfeited her right to relief under the doctrines of laches or unclean hands, waived her right to relief, or is estopped from seeking the relief requested in the Complaint.

## EIGHTH DEFENSE
### (Not Compensable Time)

Plaintiff's claims are precluded to the extent that part or all of the time for which pay is claimed is not compensable time.

## NINTH DEFENSE
### (No Penalty)

Plaintiff is not entitled to any penalty under the California Labor Code because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code section 200, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

## TENTH DEFENSE
### (Good Faith Dispute)

Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or overtime are due.

//

//

//

3

## ELEVENTH DEFENSE
### (Conditions Precedent)

Plaintiff's claims for unpaid wages are barred because Plaintiff failed to meet the conditions precedent for the payment of such wages.

## TWELFTH DEFENSE
### (Conduct Does Not Violate Public Policy)

Defendant alleges that it cannot be liable in that its conduct did not violate the public policy of the State of California, any California statute including, but not limited to, the California Fair Employment & Housing Act, California Family Rights Act and/or the California Labor Code.

## THIRTEENTH DEFENSE
### (Plaintiff Not Disabled)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff was not disabled and/or did not suffer from a disability.

## FOURTEENTH DEFENSE
### (Essential Functions)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff was unable to carry out the essential functions of her employment, or any other available employment position, with or without reasonable accommodation.

## FIFTEENTH DEFENSE
### (Undue Hardship)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because, assuming Plaintiff was disabled and Defendant was aware of the disability, the accommodation sought by Plaintiff, if any, was not reasonable and/or would impose an undue hardship on Defendant.

//
//
//
//

4

## SIXTEENTH DEFENSE
### (Good Faith Reasonable Accommodation)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because, assuming Plaintiff was disabled and Defendant was aware of the disability, Defendant made a good faith effort to reasonably accommodate Plaintiff.

## SEVENTEENTH DEFENSE
### (Management Discretion)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

## EIGHTEENTH DEFENSE
### (Legitimate Business Reasons)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because all actions undertaken by Defendant were accomplished for legitimate, nondiscriminatory business reasons.

## NINETEENTH DEFENSE
### (Consent and Ratification)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent any conduct attributable to Defendant was ratified or consented to by Plaintiff.

## TWENTIETH DEFENSE
### (After-Acquired Evidence)

Plaintiff's Complaint, and each purported cause of action alleged therein, to the extent she engaged in any fraud or misconduct of any kind whatsoever of which Defendant was unaware until after Plaintiff's departure, and which, if known, would have caused Plaintiff to be terminated or not hired in the first place.

//
//
//
//

5

### TWENTY-FIRST DEFENSE
#### (Failure to Mitigate)

Plaintiff is not entitled to back pay and/or other damages for any claim purported to be alleged in her Complaint to the extent that she failed to seek and obtain other employment, and otherwise failed to mitigate her alleged loss of wages or other damages.

### TWENTY-SECOND DEFENSE
#### (Duplicate Damages)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receive here for the same injury.

### TWENTY-THIRD DEFENSE
#### (Damages Not Caused by Defendant)

Plaintiff's injury, damages, loss and/or detriment, if any, were caused, in whole or in part by others other than Defendant and any injuries, damages, loss and/or detriment allegedly incurred by her were not the result or cause of any acts, omission, or other conduct of Defendant.

### TWENTY-FOURTH DEFENSE
#### (Comparative Negligence)

If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's employment relationship with Defendant.  Furthermore, Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by the Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### TWENTY-FIFTH DEFENSE
#### (No Causation)

Plaintiff's injuries or damages, if any, were not proximately caused by the acts of Defendant.

//

### TWENTY-SIXTH DEFENSE
#### (Pre-existing Psychological Disorder)

To the extent that Plaintiff suffered any symptoms of mental or emotional distress or injury, they may be the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### TWENTY-SEVENTH DEFENSE
#### (Workers' Compensation Exclusivity)

Plaintiff's claims for purported emotional injuries allegedly suffered during or as a result of her alleged employment are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act, Labor Code §§ 3601, *et seq.*

### TWENTY-EIGHTH DEFENSE
#### (Practices Not Unlawful or Unfair)

Defendant's practices were not unfair or unlawful within the meaning California Business and Professions Code Section 17200.

### TWENTY-NINTH DEFENSE
#### (Adequate Remedy at Law)

Plaintiff's claims for injunctive or other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

### THIRTIETH DEFENSE
#### (Failure to State Claim for Punitive Damages)

Plaintiff is not entitled to recover any punitive, double or exemplary damages, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code Section 3294.

### THIRTY-FIRST DEFENSE
#### (Unconstitutionality of Punitive Damages)

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the State and Federal Constitutions.

## THIRTY-SECOND DEFENSE
### (Lack of Malice)

Defendant alleges that, assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

## THIRTY-THIRD DEFENSE
### (Violation of Due Process)

Plaintiff's purported causes of action, to the extent they seek punitive damages, violate the right of Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California.

## THIRTY-FOURTH DEFENSE
### (Contrary to Defendant's Policies)

Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant instituted against wrongful conduct.

## THIRTY-FIFTH DEFENSE
### (Attorneys' Fees)

Plaintiff knew or should have known that the claims in the Complaint are without any reasonable basis in law and equity, and cannot be supported by a good faith argument for extension, modification or reversal of existing law. As a result of the filing of this Complaint, Defendant has been required to obtain the service of the undersigned attorneys, and have and will continue to incur substantial costs and attorneys' fees, expenses, and costs incurred by and through this action.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery or investigation indicates that such defenses are appropriate.

//

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by her Complaint;

2.    That the Complaint and each and every cause of action be dismissed in its entirety with prejudice;

3.    That Defendant be awarded reasonable attorneys' fees, expenses, and costs of suit in an amount determined by this Court; and

4.    For such further relief as the Court may deem proper.


DATED: January ⊥, 2010                    SEYFARTH SHAW LLP


                                          By
                                               Amy K. Skryja
                                          Attorneys for Defendant
                                          AMERICAN INSTITUTE FOR FOREIGN
                                          STUDY, INC. dba AU PAIR IN AMERICA

SF1 28381045.1 / 68726-000002

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On January 7, 2010, I served the within documents:

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### UNVERIFIED COMPLAINT

☐  I sent such document from facsimile machine (415) 397-8549 on January 7, 2010. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Steven Kesten, Esq.
400 Red Hill Avenue
San Anselmo, California  94960
Tel:  415-457-2668
Fax:  415-457-2848

MAILING ADDRESS:

P.O. Box 426
San Anselmo, CA  94979
Attorney for Plaintiff Piper

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 7, 2010, at San Francisco, California.

_Kathy J. Truesdale_

Kathy J. Truesdale